```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
Laurie Cook,
                                                                          **REPORT AND**
                                          Plaintiffs,                     **RECOMMENDATION**
                                                                          CV 10-5721 (DRH)(ARL)
                -against-

First Revenue Assurance, LLC,

                                          Defendant.
----------------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

This matter was referred to the undersigned by District Judge Denis R. Hurley for the purpose of issuing a report and recommendation as to the damages to be awarded to plaintiff, including attorneys' fees and costs. On February 22, 2011, the plaintiff, Laurie Cook, ("plaintiff") moved for a default judgment against the defendant First Revenue Assurance, LLC. ("First Revenue" or "defendant"). On February 22, 2011, the Clerk of the Court entered a notation of default in this matter and, on March 31, 2011, Judge Hurley entered a default judgment against the defendant. By order dated April 1, 2011, the undersigned directed the plaintiff to file papers in support of their damages, which plaintiff did.

Based on the evidence submitted, the undersigned recommends that plaintiff be awarded statutory damages in the amount of $1,000.00, and attorneys' fees and costs incurred in the amounts of $2,625.00 and $410.00, respectively, for a total award of $4,035.00.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L.*

*Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. V. Lokshin*. 980 F.Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. The amount of damages can be determined without a hearing as long as the court satisfies itself, through review of documentary evidence or affidavits, that the amount is reasonable. *See Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir 1997). Here, the documentary evidence submitted by plaintiff provides the basis for an award. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

(a) **Claim for Damages**

The complaint in this action seeks damages for violations of the 15 U.S.C. § 1692 and 15 U.S.C. § 1692d(5) of the of the Fair Debt Collection Practices Act ("FDCPA" or "Act"). Specifically, defendant placed multiple collection calls daily to plaintiff over a period of nearly six months seeking and demanding payment for an alleged debt owed. (*Compl*. ¶¶ 10-12). In addition, when plaintiff answered the telephone, defendant placed her on hold for up to thirty minutes and refused to allow her to speak with a supervisor. (*Id*. ¶¶ 15-16).

The FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) (*citing* 15 U.S.C. § 1692k). Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from

using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (*quoting* 15 U.S.C. § 1692(e)). Section 1692d makes it generally unlawful for a debt collector to "engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. As a specific example, the statute prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). A single violation of any provision of 15 U.S.C. § 1692 is sufficient to establish civil liability. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

Although the FDCPA allows the recovery of both actual and statutory damages, plaintiff seeks only statutory relief. The FDCPA set statutory damages at a maximum of $1,000.00 for an individual plaintiff, 15 U.S.C. § 1692k(a)(2)(A), however, both "[t]he decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the court." *Nero v. Law Office of Sam Streeter P.L.I.C.*, 655 F.Supp.2d 200, 210 (E.D.N.Y. 2009) (citation omitted). Factors to be considered by the court in determining an appropriate statutory damages award include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the extent to which such noncompliance was intentional, and other relevant factors in deciding the amount of any additional damages awarded." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d cir. 1998) (internal quotation and citations omitted).

Awards of the statutory maximum are typically granted in cases where the defendants'

3

violations are egregious.  *See, e.g.*, *Overcash v. United Abstract Grp.*, 549 F.Supp.2d 193, 196-97 (N.D.N.Y. 2008) (awarding $1,000.00 in statutory damages upon defendants' repeated communications regarding a debt that already been paid and one in excess of what was actually owed); *Baruch v. Healthcare Receivable Mgmt., Inc.*, No. 05-CV-5392 (CPS)(JMA), 2007 WL 3232090, at *4 (E.D.N.Y. Oct 30, 2007) (awarding $1,000.00 in statutory damages where defendant made threats to sue plaintiff and damage her credit rating); *Annis v. E. Asset Mgmt., LLC*, No. 08-CV-458, 2010 WL 1035273, at *5 (W.D.N.Y. March 8, 2010) (awarding $1,000 in statutory damages where defendant's violations of the FDCPA included four months of calling plaintiff almost daily, threatening unintended litigation, and targeting both the plaintiff and her family).  In contrast, courts in this Circuit have found that a $500.00 award is appropriate where there is no repeated pattern of intentional abuse or where the violation was technical. *See, e.g.*, *Savino*, 164 F.3d at 86 (affirming $500.00 award when the violation was not intentional and the communication was not "threatening or abusive in tone"); *Nero*, 655 F.Supp.2d at 210 ($500.00 award where the communication contained no threatening language and plaintiff suffered no actual damages); *Dona v. Midland Credit Mgmt., Inc.*, No. 10-CV-825 (JS)(WDW), 2011 WL 941204, at *2-3 (E.D.N.Y. Feb. 10, 2011) (awarding $500 in statutory damages where defendant left a message on plaintiff's answering machine without indicating that the call was from a debt collector, for the purposes of collecting a debt).

      Here, the plaintiff seeks the statutory maximum of $1,000.00 in damages.  While the plaintiff has not set forth any facts to indicate that the defendant's behavior was threatening or that an abusive tone of voice was used, plaintiff has established a repeated pattern of intentional abuse.  Because of First Resource's (i) frequent and persistent calls (multiple collection calls

4

daily for nearly six months); (ii) harassing technique of being unresponsive when a call was answered; (iii) failure to permit plaintiff to speak to a supervisor concerning the call; and (iv) a lack of evidence that defendant's conduct was anything other than intentional, the undersigned concludes that defendant's violations are egregious. Accordingly, the undersigned recommends that the plaintiff be awarded the statutory maximum amount of $1,000.00.

  **(b)  Attorneys Fees and Costs**

Plaintiff seeks an award of attorneys' fees and costs incurred through March 16, 2011, in the amount of $2,720.00 and $410.00, respectively, as provided under the FDCPA. *See* 15 U.S.C. § 1692k(a)(3); *Nero*, 655 F. Supp.2d at 211. The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See generally*, *N.Y. State Ass'n for Retarded Childern, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). When assessing the reasonableness of legal fees, the court must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, keeping in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Simmomns v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *See also Arbor Hill Concerned Citizens v. County of Albany*, 522 F.3d 182, 186-87 (2d Cir 2008) (enumerating factors to be considered when determining reasonableness of fees). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. *Cruz v. Local Union No. 3 of the IBEW*, 34 F.3d 1148, 1160-61 (2d Cir. 1994).

In considering the reasonableness of the hourly rate charged by Krohn & Moss, the court

notes that in recent years, fee awards in this district have approved hourly rates in the range of $200.00 to $450.00 for partners, $100.00 to $300.00 for associates, and $70.00 to $100.00 for paralegal assistants. *Szczepanek v. Dabek*, No. 10 CV 2459 (SJF) (ARL), 2011 WL 846193 at *8 (E.D.N.Y. Mar. 7, 2011) (surveying cases and stating recent prevailing hourly rates in the Eastern District are between $200.00 and $400.00 for partners, $100.00 and $295.00 for associates, and $70.00 and $80.00 for legal assistants); *Pennacchio v. Powers*, No. 05 CV 985 (RRM)(RML), 2011 WL 2945825, at *1 (E.D.N.Y. July 21, 2011) (same); *Toussi v. County of Suffolk,* No. CV 01-6716 (JS)(ARL), 2011 WL 2173870, at *2 (E.D.N.Y. May 31, 2011) (awarding $450.00 for partner with 34 years of experience, $400.00 for partner with 17 years of experience, $350.00 for attorney with 14 years of experience, and $300.00 for attorney with 6 years of experience); *Thorsen v. County of Nassau*, No. CV 03-1022 (ARL), 2011 WL 1004862, at *6-7 (E.D.N.Y. Mar. 17, 2011); *see also Pita v. Tulcingo Car Service, Inc.*, No. 10-CV-0481 (DLI) (JO), 2011 WL 1790833, at *9 (E.D.N.Y. Apr. 7, 2011) (reviewing cases and observing fee awards in this district in recent years have approved hourly rates of $200.00 to $400.00 for partners and $100.00 to $295.00 for associates). A review of the billing records indicates that the rates charged by the attorneys at Krohn & Moss are within the prevailing fee range for this district and that the number of hours expended is not excessive. However, the rate charged by Krohn & Moss paralegals of $125.00 per hour for 3.8 hours is not within the range of approved hourly rates in this district. Therefore, the court recommends that the claimed rate of $125.00 per hour for the paralegals be adjusted to $100.00 per hour. This results in a reduction of $95.00 from the Krohn & Moss' claimed fees. Accordingly, the undersigned recommends an award of attorneys' fees in the amount of $2,625.00.

Finally, plaintiff seeks costs in the total amount of $410.00, consisting of $350.00 filing fee and $60.00 for service fees. These fees are routinely recoverable. Accordingly, the undersigned finds that all relevant factors support an award of attorneys' fees and costs in the amount of $2,625.00 and $410.00 respectively, for a combined award of $3,035.00.

In sum, based on the evidence submitted, the undersigned recommends that plaintiff be awarded statutory damages in the amount of $1,000.00 and attorneys' fees and costs incurred in the amounts of $2,625.00 and $410.00 respectively, for a total award of $4,035.00.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See Ferrer v. Woliver*, 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir.1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York  **SO ORDERED:**
January 9, 2012

                                                             S/
                                       ARLENE R. LINDSAY
                                       United States Magistrate Judge